**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER V. PRATOLA, | ) |
| | ) Case No. 18-cv-213 |
| Debtor. | ) |
| _____ | ) Judge Robert M. Dow, Jr. |
| | ) |
| GLENN STEARNS, Chapter 13 Trustee | ) |
| | ) On appeal from the U.S. Bankruptcy Court |
| Appellant, | ) for the Northern District of Illinois, |
| | ) Eastern Division |
| v. | ) |
| | ) Bankr. Case No. 17-11668 |
| CHRISTOPHER V. PRATOLA, | ) |
| | ) Judge Janet S. Baer |
| Appellee. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is on appeal from the United States Bankruptcy Court for the Northern District

of Illinois, Eastern Division, Case No. 17-11668. Appellant Glenn Stearns, Chapter 13 Trustee

("Trustee"), appeals from the Bankruptcy Court's order and memorandum opinion dated

December 27, 2017, denying the Trustee's motion to dismiss the case of Christopher V. Pratola

("Debtor") pursuant to 11 U.S.C. § 1307(c).[1] For the reasons set forth below, the Bankruptcy

Court's order denying the Trustee's motion is reversed, and this matter is remanded to the

Bankruptcy Court for further proceedings consistent with this opinion.

**I.    Background**

On April 13, 2017, Debtor filed a voluntary petition in the bankruptcy court under Chapter

13 of the Bankruptcy Code. See N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 1. According

---

[1] This Court also has pending before it a related appeal, Case No. 18-cv-2450. On August 9, 2018, the
parties to that appeal filed a status report [7] in which they agreed that the related appeal "would be moot
and no additional proceedings would be necessary" if the Court agreed with the Trustee's position in this
appeal. The Court agrees that the disposition of this appeal dictates the result in the related appeal and will
issue an order in that appeal vacating the Bankruptcy Court's order confirming Debtor's Chapter 13 Plan.

to § 109(e) of the Bankruptcy Code, which defines who is eligible to file bankruptcy under Chapter 13, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725[2] and noncontingent, liquidated, secured debts of less than $1,184,200 * * * may be a debtor under chapter 13 of this title."

The Debtor's original Schedule E/F filed with the petition listed $217,115 in general unsecured debt. N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 1, at 27. This debt consisted of $194,563 in student loan debt owed to "Aes/Chase Bank" and "Aes/Nct" as well as $22,552 in credit card debt owed to various creditors. *Id.*, at 20–27. Debtor then filed an amended Schedule E/F that same day which added to Debtor's general unsecured debt $374,108 in federal student loans. *Id.*, Docket Entry 8, at 6. This debt is serviced by Federal Loan Servicing, and Debtor is repaying it pursuant to an Income Based Repayment ("IBR") agreement with Federal Student Aid. Under this agreement, Debtor makes monthly payments on the debt equal to 10% of his discretionary income for a term of twenty-five years. Upon completion of these payments, any remaining balance on the loans will be forgiven. However, if Debtor defaults, the entire remaining balance will become due. *Id.*, Docket Entry 23, at 4. Debtor designated this federal student loan debt as both contingent and disputed in his amended Schedule E/F. *Id.*, Docket Entry 8, at 6. Debtor's amended Schedule E/F thus listed $374,108 in disputed and contingent unsecured debt and $217,115 in undisputed, noncontingent, unsecured debt, for a total of $591,223.

On April 20, 2017, the Trustee moved to dismiss Debtor's case pursuant to 11 U.S.C. §§ 109(e) and 1307(c). See N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 17. Specifically, the Trustee argued that Debtor was ineligible for Chapter 13 relief because he owed unsecured debts in excess of § 109(e)'s $394,725 unsecured debt limit. According to the Trustee, owing debt

---

[2] These amounts are adjusted every three years. See 11 U.S.C. § 104(a).

in excess of the statutory limit warrants dismissal for cause under §§ 109(e) and 1307(c) of the Bankruptcy Code. Debtor filed a response to the motion, arguing that his $374,108 in federal student loan debt was contingent because it is subject to IBR repayment and could be forgiven before he has to pay the full amount. See *Id.*, Docket Entry 23. Only noncontingent debt is considered in determining a debtor's eligibility based on § 109(e)'s unsecured debt limit. § 109(e). Therefore, Debtor argued, this debt should not be included in a determination of his Chapter 13 eligibility. Without this federal student loan, Debtor's unsecured debt would be well below § 109(e)'s limits. Debtor made no other arguments in response to the Trustee's motion, and he conceded that if his federal student loan debt were considered noncontingent, he would be ineligible for Chapter 13 relief. See *id.* at 1.

The Bankruptcy Court issued an order on December 27, 2017, denying the Trustee's motion to dismiss "for lack of cause under 11 U.S.C. § 1307(c)." See N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 39. In its accompanying memorandum opinion, the Bankruptcy Court first determined that the Debtor's student loan debt subject to an IBR agreement was noncontingent because he has a current duty to pay back this debt, notwithstanding the possibility of forgiveness that the IBR payment plan may offer in the future. Docket Entry 38, at 4–6. The Bankruptcy Court then turned to the issue of whether § 1307(c), which provides that a Chapter 13 case may be converted or dismissed for cause, requires dismissal of a Chapter 13 case if the inclusion of educational debt causes a debtor to exceed the § 109(e) unsecured debt limit. The Bankruptcy Court held that it does not. *Id.* at 6–13.

After noting that ineligibility under § 109(e) is usually cause for dismissal or conversion of a Chapter 13 case but is not an absolute bar, the Bankruptcy Court concluded that it was without clear direction from either the Bankruptcy Code or case law as to whether cause for dismissal

under § 1307(c) exists in this situation. *Id.* at 7. Based on this perceived ambiguity, the Bankruptcy Court turned to legislative history and policy considerations regarding educational debt to determine whether Debtor's case should be dismissed. The Bankruptcy Court concluded that based on the history surrounding the debt limits' enactment, Congress could not have intended to exclude someone like Debtor, an otherwise eligible individual exceeding § 109(e)'s unsecured debt limit solely because of educational debt, from Chapter 13 relief. The Bankruptcy Court also noted that the failure of the unsecured debt limit to account for the changing nature and increasing amount of educational debt in the United States creates an absurd situation for individuals like Debtor, who could be ineligible for Chapter 13 relief despite being best suited for it. *Id.* at 9–12.

Based on these considerations, the Bankruptcy Court held that there was no cause for dismissal of Debtor's Chapter 13 case under § 1307(c). The Bankruptcy Court specifically noted that "[d]ismissing [Debtor's] case would not advance the Congressional intent behind the debt limits, and doing so would hinder the principal purpose of the Bankruptcy Code—to grant a 'fresh start' to the honest but unfortunate debtor." *Id.* at 12 (citation omitted). The Bankruptcy Court determined that its decision declining to dismiss the case advanced the best interests of the creditors and the estate because Debtor would be able to continue making payments on his educational debt and pay other general unsecured creditors a percentage of their claims; dismissal or conversion to Chapter 7 or Chapter 11 would not necessarily lead to that same outcome. *Id.* at 13.

The Trustee filed this appeal on January 11, 2018, [see 1], and filed his brief on March 22, 2018, [see 9]. Debtor has filed a response brief [12], and the Trustee has filed a reply [14]. The

United States Trustee has filed an *amicus curiae* brief in support of the Trustee and reversal of the Bankruptcy Court's decision. [See 10].[3]

After this appeal was filed, Debtor's Chapter 13 case proceeded. The Trustee moved to stay the bankruptcy proceedings pending appeal and objected to confirmation of Debtor's Chapter 13 plan. See N.D. Ill. Bankr. Case No. 17-11668, Docket Entries 52, 58. The Bankruptcy Court denied both motions and entered an order confirming Debtor's Chapter 13 plan on March 23, 2018. See *id.*, Docket Entries 71, 72, 73, 74.[4]

The Trustee raises the following issues on appeal [see 9, at 4–5]:

(1)    Whether the Bankruptcy Court abused its discretion in denying the Trustee's motion to dismiss.

(2)    Whether 11 U.S.C. § 109(e) requires dismissal or conversion of a Debtor's Chapter 13 petition upon determination of ineligibility of the Debtor to qualify under Chapter 13 of Title 11 (§§ 1301 *et seq.*).

## II.    Standard of Review

"District courts sit as appellate courts when hearing appeals from bankruptcy courts." *Hijjawi v. Five N. Wabash Condo. Ass'n*, 491 B.R. 876, 880 (N.D. Ill. 2013). The Bankruptcy Court's factual findings are scrutinized for clear error, while its legal conclusions are reviewed *de novo*. *Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014). To the extent that the Bankruptcy Code commits a decision to the discretion of the Bankruptcy Court, that decision is reviewed for abuse of discretion. *Belson v. Olson Rug Co.*, 483 B.R. 660, 664 (N.D. Ill. 2012) (citing *Wiese v. Cmty. Bank of Cent. Wis.,* 552 F.3d 584, 588 (7th Cir. 2009)). "In general terms,

---

[3] Pursuant to 11 U.S.C. § 307(c), "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding."

[4] The Trustee has appealed the Bankruptcy Court's orders overruling his objection to the Plan and the Bankruptcy Court's Order confirming Debtor's Chapter 13 Plan. See N.D. Ill. Case No. 18-cv-2450. As noted above, in disposing of the related appeal, this Court will enter an order vacating the Bankruptcy Court's confirmation order.

a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

## III. Analysis

### A. Jurisdiction

Although no party has contested the Court's jurisdiction over this appeal, the Court has an independent duty to satisfy itself that jurisdiction exists. See *Hijjawi*, 491 B.R. at 880. The parties assert that jurisdiction exists pursuant to 28 U.S.C. § 158(a), which grants district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). "Finality in a bankruptcy appeal is considerably more flexible than in an ordinary civil appeal taken under 28 U.S.C. § 1291 and, in the bankruptcy context, does not require the termination of the entire bankruptcy proceeding." *Schaumburg Bank & Tr. Co., N.A. v. Alsterda*, 815 F.3d 306, 312 (7th Cir. 2016) (citing *Bullard v. Blue Hills Bank*, -- U.S. --, 135 S. Ct. 1686, 1691–92 (2015); *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008)). Courts instead look to see if the decision "finally disposed of a discrete dispute within the larger case." *Id.* (citing *Bullard,* -- U.S. --, 135 S. Ct. at 1692; *In re Bulk Petroleum Corp.*, 796 F.3d 667, 671 (7th Cir. 2015)); see also *In re Oakley*, 344 F.3d 709, 711 (7th Cir. 2003) (district court's order reversing bankruptcy order sustaining trustee's objection to claimed exemption was final "because it cannot be affected by the resolution of any other issue in the [Chapter 7] proceeding, and therefore no purpose would be served by postponing the appeal to the proceeding's conclusion").

Whether the denial of the motion to dismiss in this instance is an appealable final order presents a question on which the case law remains somewhat murky. In the Chapter 7 context, the Seventh Circuit has indicated that a decision denying a motion to dismiss may be appropriate for appeal if it "resolve[s] all of the contested issues on the merits and [leaves] only the distribution

of estate assets to be completed." See *In re Ross-Tousey*, 549 F.3d 1148, 1152–53 (7th Cir. 2008)

(denial of motion to dismiss under §§ 707(b)(2) and 707(b)(3)(B) was final and appealable),

abrogated on other grounds, *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61 (2011); see also *McDow*

*v. Dudley*, 662 F.3d 284, 289–90 (4th Cir. 2011) (agreeing with the Seventh Circuit's holding in

*Ross-Tousey* and noting that orders denying a § 707(b) motion to dismiss a Chapter 7 case as

abusive are final and appealable because "Section 707(b) creates a statutory gateway based on

whether the case is abusive, and an order denying that motion dismiss as abusive, in effect, finally

and conclusively resolves the issue. If the denial of a § 707(b) motion to dismiss cannot be

appealed immediately to the district court, the Chapter 7 proceedings would have to be completed

before it could be determined whether the proceedings were abusive in the first place"); *In re*

*Randle*, 2007 WL 2668727, at *4 (N.D. Ill. July 20, 2007) (orders denying dismissals of Chapter

7 cases for substantial abuse are appealable "because the orders end litigation on the merits, leaving

only the execution of judgment"). However, the Seventh Circuit concluded in *In re Jartran, Inc.*,

886 F.2d 859, 863–64 (7th Cir. 1989), that a bankruptcy court's order denying a motion to dismiss

pursuant to § 1112(b), which parallels language in § 1307(c) for Chapter 11 filings, was not final.

See also *COMM 2013 CCRE12 Crossing Mall Road, LLC v. Tara Retail Grp., LLC*, 2017 WL

2837015, at *4 (N.D. W. Va. June 30, 2017) (same).[5]

      Fortunately, in the present posture of the case the question of finality is a moot point, for

after this appeal was taken, the Bankruptcy Court entered an order confirming Debtor's Chapter

13 plan. The parties filed a separate notice of appeal from the confirmation order, and that related

---

[5] The Third Circuit has held that a motion to dismiss a Chapter 13 case pursuant to § 1307(c) was final and appealable in one instance. See *In re Klaas*, 858 F.3d 820, 825–26 (3d Cir. 2017) (order denying creditor's motion to dismiss Chapter 13 case was final and appealable, noting that "[t]he practical effect of that conclusion was to certify the case as eligible for a completion discharge * * * [t]his functionally ended the bankruptcy case and thus affected Creditor's claim on the estate").

appeal has been stayed pending the resolution of this one. Even if the original dismissal order was not final for purposes of appeal, a premature notice of appeal takes effect when the final judgment is entered. See Fed. R. Bankr. P. 8002(a)(2); cf. *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 625 (7th Cir. 2015) (citing Fed. R. App. P. 4(a)(2)). And, in any event, it would be a futile gesture to dismiss the initial appeal so that all of the issues presented here could be folded into the related appeal, which was taken from a judgment that was indisputably final. See *In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993).

## B. The Bankruptcy Court's Order and Memorandum Opinion

No party has questioned the Bankruptcy Court's determination that Debtor's educational debt is noncontingent. Therefore, the parties do not dispute that all $591,223 of the unsecured debt listed on Debtor's Schedule E/F is noncontingent and liquidated, including Debtor's educational debt subject to an IBR plan.

The only issue on appeal relates to whether the Bankruptcy Court abused its discretion in concluding that the existence of educational debt in excess of § 109(e)'s limit is not cause for dismissal or conversion under § 1307(c). Because there are no factual or evidentiary issues associated with this decision, whether the Bankruptcy Court abused its discretion turns on the Court's legal determination that Debtor could proceed under Chapter 13 despite the amount of his unsecured debt.

The Trustee argues that the Bankruptcy Court abused its discretion in denying its motion to dismiss on that basis. According to the Trustee, if a debtor exceeds § 109(e)'s unsecured debt limit, he cannot proceed under Chapter 13—regardless of the substantive nature of the debt—and his case must be dismissed or converted to another chapter under § 1307(c). [9, at 6–7.] The United States Trustee, as *amicus curiae*, agrees that a debtor who cannot satisfy § 109(e) cannot

seek relief under Chapter 13.  [10, at 6–8.]  Debtor argues that the Bankruptcy Court's order should

be affirmed, as the Bankruptcy Court has discretion to carve out an exception to § 109(e)'s debt

limits for those debtors who exceed those limits solely due to educational debt.  [12, at 5–7.]

Therefore, according to Debtor, the Bankruptcy Court did not abuse its discretion by doing so in

his case.  [*Id.*]

### 1.     Relevant Portions of the Bankruptcy Code

Section 109 of the Bankruptcy Code is titled "Who May Be A Debtor."  The various

subsections contained within this section "serve an important gatekeeping role.  Those provisions

'specify who qualifies—and who does not qualify—as a debtor under the various chapters of the

Code.'"  *Puerto Rico v. Franklin California Tax-Free Trust*, -- U.S. --, 136 S. Ct. 1938, 1947

(2016) (quoting *Toibb v. Radloff*, 501 U.S. 157, 161 (1991)).  Section 109(e) defines who may be

a Chapter 13 debtor:

> Only an individual with regular income that owes, on the date of the filing of the
> petition, noncontingent, liquidated, unsecured debts of less than $394,725 and
> noncontingent, liquidated, secured debts of less than $1,184,200, or an individual
> with regular income and such individual's spouse, except a stockbroker or a
> commodity broker, that owe, on the date of the filing of the petition, noncontingent,
> liquidated, unsecured debts that aggregate less than $394,725 and noncontingent,
> liquidated, secured debts of less than $1,184,200 may be a debtor under chapter 13
> of this title.

11 U.S.C. § 109(e).  As with the other subsections of § 109, this subsection creates a "gateway"

into the Chapter 13 bankruptcy process for those who are eligible.  *In re Glance*, 487 F.3d 317,

321 (6th Cir. 2007).  Filing under Chapter 13 "allow[s] a relatively small debtor to reschedule his

payment obligations to his creditors, 'retain his property and avoid the stigma of a straight

bankruptcy.'"  *Id.* (quoting *In re Pearson*, 773 F.2d 751, 753 (6th Cir. 1985)).

Because § 109(e) has no internal enforcement provision, the Trustee moved to dismiss

Debtor's case under § 1307(c).  Section 1307(c) provides that "on request of a party in interest or

the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c). This subsection provides a nonexhaustive list of what may constitute "cause" for conversion or dismissal. § 1307(c)(1)–(11); see also *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992) (determining that lack of good faith, although not listed in § 1307(c), constitutes cause for dismissal under Chapter 13); *In re Jensen*, 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010) (stating that the list of causes in § 1307(c) "is not exhaustive, but exemplary") (internal quotation marks and citation omitted).

### 2. The Bankruptcy Court Order Was Premised on a Legal Error

After initially determining that Debtor's educational debt subject to an IBR agreement is noncontingent for purposes of § 109(e)'s unsecured debt limit, the Bankruptcy Court considered whether Debtor's unsecured debt in excess of that limit required dismissal of his case under § 1307(c). The Bankruptcy Court first looked to the text of § 1307(c) and noted that, while "cause" is not defined in the statute, courts agree that ineligibility based on exceeding the statutory debt limit is usually cause for either dismissal or conversion. See N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 38, at 7 (citing *In re Day*, 747 F.2d 405, 407 (7th Cir. 1984); *In re Dobkin*, 12 B.R. 934, 936 (Bankr. N.D. Ill. 1981)). The Court also stated, however, that ineligibility based on exceeding the debt limit is not an "absolute" cause for conversion or dismissal. *Id.* (citing *United States v. Edmonston*, 99 B.R. 995, 995 (E.D. Cal. 1989)). The Bankruptcy Court next concluded that neither § 1307(c) nor § 109(e) expressly required dismissal of a case where educational debt alone causes a debtor to exceed § 109(e)'s unsecured debt limit. The Court thus turned to the legislative history of § 109(e)'s debt limits, along with the practical realities of Debtor's situation,

in order to reach its decision that no cause exists to dismiss or convert Debtor's Chapter 13 case. *Id.*

The Court respectfully disagrees with the Bankruptcy Court's conclusion that § 109(e) and § 1307(c) are ambiguous. To the contrary, the text of § 109(e)'s eligibility requirement plainly bars Debtor from proceeding under Chapter 13, and under § 1307(c) his case must either be dismissed or converted. Because the Bankruptcy Court's decision is premised on the incorrect legal principle that Debtor may proceed under Chapter 13 despite his ineligibility, the Bankruptcy Court abused its discretion in denying the Trustee's motion to dismiss. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (noting that a court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law").

### a. Debtor is Ineligible for Chapter 13 Relief Because He Owes Debt In Excess of Section 109(e)'s Unsecured Debt Limit

The Court first addresses whether § 109(e) allows a debtor to be eligible for Chapter 13 relief—despite having debts in excess of the statutory limit—based on the nature of the debts owed. Based on the unambiguous text of this subsection, it does not.

"The Bankruptcy Code standardizes an expansive (and sometimes unruly) area of law, and it is our obligation to interpret the Code clearly and predictably using well established principles of statutory construction." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 649 (2012). According to such principles, courts "must give effect to the clear meaning of statutes as written." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, -- U.S. --, 137 S. Ct. 1002, 1010 (2017) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992)). "We thus begin and end our inquiry with the text, giving each word its 'ordinary, contemporary, common meaning." *Id.* (citing *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 207 (1997)); see also *In re Miller*, 493 B.R. 55, 59 (Bankr. N.D. Ill. 2013) ("When a statute is clear, a court's only task is to give

effect to its meaning. Once that is done, judicial inquiry is complete.") (internal quotation marks and citations omitted); *In re Cannon*, 2013 WL 6499304, at *10 (Bankr. D. Utah Dec. 11, 2013) ("Where the language of a statute is clear, the sole function of the courts is to enforce it according to its terms."), aff'd, 521 B.R. 686 (D. Utah 2014).

Section 109(e)'s text unambiguously prevents Debtor, who the parties agree owed $591,223 in noncontingent, liquidated, unsecured debt on the date of his petition, from proceeding under Chapter 13. According to the statute, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of *less than $394,725*" may be a Chapter 13 debtor.[6] § 109(e) (emphasis added). Beyond specifying that the debt subject to this limit must be noncontingent, liquidated, and unsecured, the statute contains no reference to specific types of debt or any indication that the type of debt would affect a debtor's eligibility to file a petition under Chapter 13. The statute says only that an individual, with a regular income, owing less than the unsecured debt limit may be a Chapter 13 debtor. Debtor owes more than the unsecured debt limit: despite the educational nature of this debt, under the plain language of § 109(e), he is ineligible for Chapter 13. See *Miller*, 493 B.R. at 58–59 (rejecting argument, based on the plain language of § 109(e), that joint debtors who exceeded the unsecured debt limit should nonetheless be eligible to file under Chapter 13 because they would have been allowed to file separate individual cases: the debt limits in § 109(e) are clear, and therefore debtors were "plainly ineligible" to be Chapter 13 debtors); see also 2 COLLIER ON BANKRUPTCY ¶ 109.06[1] (2018) ("The eligibility criteria set forth in section 109(e) are specific and restrictive,

---

[6] Debtor lists no secured debt in his bankruptcy petition, and the parties have not referenced any secured debt that Debtor may owe. Therefore, this opinion limits its discussion of § 109(e)'s limits to the unsecured debt limit.

with monetary amounts established to govern eligibility so as to ensure that those persons for whose benefit the chapter is directed are those who employ its provisions.").

This reading of the statute is supported by Seventh Circuit case law. The Seventh Circuit has stated that a debtor whose unsecured obligations exceed § 109(e)'s limits "cannot obtain relief under Chapter 13." *In re Day*, 747 F.2d 405, 407 (7th Cir. 1984). In *Day*, a creditor moved to dismiss the debtor's Chapter 13 petition, claiming that under § 506(a) the unsecured portion of a debtor's secured debts should be treated as unsecured for purposes of § 109(e), which would cause the debtor to exceed the statutory unsecured debt limit. The bankruptcy court denied the motion, but the district court reversed on appeal. The Seventh Circuit affirmed the district court, holding that the unsecured portion of the debt counted against the debt limit. *Id.* at 407. Because the debtor's unsecured debts exceeded the § 109(e) limit, the debtor could not obtain Chapter 13 relief. *Id.* The Seventh Circuit has similarly affirmed dismissal of a Chapter 13 bankruptcy petition where the debtor's disputed debt was noncontingent, liquidated, and unsecured: the lower court had "properly included the State's claim when computing Mr. Knight's eligibility for chapter 13 relief, and correctly found that his unsecured debts exceeded the debt ceiling on eligibility." *In re Knight*, 55 F.3d 231, 232 (7th Cir. 1995). The Seventh Circuit did not engage in a statutory analysis of § 109(e) in either of these decisions, nor did it assess how the nature of the debts affected a debtor's eligibility for Chapter 13 relief. However, these decisions do support the proposition that a debtor's ineligibility based on exceeding § 109(e)'s debt limits clearly makes that debtor ineligible under the statute.

Other circuit courts, district courts, and bankruptcy courts similarly have dismissed Chapter 13 cases because the debtor at issue exceeded § 109(e)'s limits. These courts have done so without considering whether the nature of the debt that placed the debtor over the unsecured debt limit

warranted creating an exception to § 109(e)'s unambiguous requirements. See, *e.g.*, *Glance*, 487 F.3d at 323 (affirming dismissal of Chapter 13 case because the sum of secured debts exceeded § 109(e)'s secured debt limit); *In re Mazzeo*, 131 F.3d 295, 305 (2d Cir. 1997) (affirming bankruptcy court's dismissal of Chapter 13 case where debtor's disputed unsecured debt was considered both noncontingent and liquidated, and this debt exceeded statutory debt limit); *In re Stebbins*, 2015 WL 792095, at *8 (Bankr. E.D.N.Y. Feb. 24, 2015) (dismissing Chapter 13 case because debtor owed liquidated, noncontingent, unsecured debt in excess of statutory limit); *Cannon*, 521 B.R. at 697–98; *In re Schwartz*, 2012 WL 1020011, at *6 (E.D. Mich. Mar. 26, 2012); *In re Grenchik*, 386 B.R. 915, 919 (Bankr. S.D. Ga. 2007) (dismissing Chapter 13 case because debtors' unsecured debt exceeded debt limit, and therefore "they are not eligible to be Chapter 13 debtors"); *In re Ristic*, 142 B.R. 856, 861 (Bankr. E.D. Wis. 1992) (dismissing Chapter 13 case based on a lack of good faith, but also noting that debtor was ineligible for Chapter 13 relief because his total noncontingent, liquidated, and unsecured debts exceed statutory debt limits); *Lucoski v. I.R.S.*, 126 B.R. 332, 342 (S.D. Ind. 1991); *In re Bos*, 108 B.R. 740, 742 (Bankr. D. Mont. 1989); *In re Cronkleton*, 18 B.R. 792, 793 (Bankr. S.D. Ohio 1982); *In re Flaherty*, 10 B.R. 118, 120 (Bankr. N.D. Ill. 1981). Although the decisions of these courts are not binding, the Court is persuaded that their approach to § 109(e) comports with the text of the statute and the Seventh Circuit cases cited above; a debtor whose debt exceeds the unsecured or secured debt limit cannot proceed under Chapter 13.

The Bankruptcy Court here took a different approach because it concluded that "Congress simply could not have intended to exclude otherwise eligible individuals from being chapter 13 debtors solely because of educational debt that exceeds the limit." N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 38, at 10. Specifically, the Bankruptcy Court noted that Congress enacted

the debt limits in § 109(e) "in order to prevent sole proprietors with large businesses from abusing creditors by avoiding chapter 11." *Id.* at 9 (citing Report of the Committee on the Judiciary). The Bankruptcy Court reasoned that individuals with large amounts of educational debt are not the types of debtors Congress intended to exclude from Chapter 13, since creditor protection concerns do not apply to such individuals in the same way that they would with sole proprietors of large businesses. *Id.*

The Bankruptcy Court also reasoned that Congress treats educational debt differently in other contexts within the Bankruptcy Code: such debt is generally nondischargeable, for example, and some courts hold that a Chapter 13 plan can classify such debt separately from other general unsecured debt in some circumstances. N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 38, at 11. The Bankruptcy Court further noted that the Chapter 13 debt limits have only increased gradually since they were enacted, while at the same time educational costs and debts in the United States have skyrocketed. This "creates an absurd situation" in which "an individual with modest income and an immense amount of educational debt is best suited for chapter 13 bankruptcy but exceeds the § 109(e) unsecured debt limit." *Id.* at 11–12. The Trustee argues that because the statute is clear, these considerations regarding educational debt are irrelevant and should not affect Debtor's eligibility. [9, at 9–13.] Debtor, however, argues that courts routinely carve out exceptions to statutes, as the Bankruptcy Court did here, and therefore consideration of these issues was an appropriate use of discretion. [12, at 15–17.]

The Court is not unsympathetic to the policy concerns raised by the Bankruptcy Court and highlighted by Debtor in his opposition brief regarding individuals with large amounts of educational debt, but the power to create such an exception to § 109(e) lies with Congress rather than the courts. See *In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 637 (7th Cir. 2000)

("Although the bankruptcy judge believed that applying the Code literally would be inequitable, '[b]ankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law * * * but are limited to what the Bankruptcy Code itself provides.'") (quoting *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 24–25 (2000)); see also *In re Thorpe*, 881 F.3d 536, 539 (7th Cir. 2018) ("'Venturing into legislative history [is] unnecessary' when statutory text is clear") (quoting *In re Bronk*, 775 F.3d 871, 876 (7th Cir. 2015)); *Miller*, 493 B.R. at 59 ("It is not the place of courts to rewrite the Code * * * [or] even to interpret Code provisions to further particular congressional policies * * * if no interpretation is necessary. Section 109(e) is clear. No interpretation is necessary."). Courts must enforce statutes as written; they cannot "rewrite the statute that Congress has enacted." *Puerto Rico*, 136 S. Ct. at 1949 (quoting *Dodd v. United States*, 545 U.S. 353, 359 (2005)). Creating an exception to Chapter 13's eligibility requirements effectively rewrites the statute, substituting a discretionary substantive standard for the bright-line rule established by Congress.

To the extent that courts have confronted arguments that certain types of debt should not be counted for § 109(e) eligibility purposes, these arguments have largely been rejected. For example, the Fifth Circuit rejected a debtor's argument that § 109(e)'s unsecured debt limit (which at the time was $100,000) should not apply to her because that limit "was intended only 'to prevent large business[es] from utilizing Chapter 13, not to thwart or inhibit the small proprietor or individual whose debt may stretch those limits." See *In re Hammers*, 988 F.2d 32, 34 (5th Cir. 1993). The Fifth Circuit still affirmed dismissal of the petition because "[t]he text [of § 109(e)] is clear and unambiguous—an individual is an individual, and $100,000 is $100,000." *Id.*

Moreover, three other recent bankruptcy court decisions have rejected arguments that educational debt specifically should not be counted towards § 109(e)'s unsecured debt limit for

policy reasons. See *In re Bailey-Pfeiffer*, 2018 WL 1896307, at *4 (Bankr. W.D. Wis. Mar. 23, 2018) (finding that debtor was ineligible to proceed as a Chapter 13 debtor where her unsecured debts, which consisted partially of educational debt, vastly exceeded § 109(e)'s limits: "All of [debtor's] equitable arguments founder on the plain language of section 109(e)."); *In re Petty*, 2018 WL 1956187, at *2 (Bankr. E.D. Tex. Apr. 24, 2018) ("[S]tudent loan debts must be included in the calculation of noncontingent, liquidated, unsecured debts for purposes of determining § 109(e) eligibility. Further, the plain terms of the Bankruptcy Code preclude the debtors from continuing in a chapter 13 and obtaining relief for which they are ineligible."); *In re Mendenhall*, 2017 WL 4684999, at *4 (Bankr. D. Idaho Oct. 17, 2017) (concluding, despite debtor's arguments that his student loan debt was unliquidated, that debtor's student loans counted towards § 109(e)'s unsecured debt limit and, because those loans exceeded that limit, debtor needed to convert the case or it would be dismissed).[7] Although not binding, the Court finds the analysis in these decisions persuasive. Under the plain terms of § 109(e), Debtor exceeds the statutory debt limit and so is ineligible to proceed as a Chapter 13; the nature of his debt is irrelevant. By taking its nature into account and considering potential policy reasons why Congress would not want to include such debt in § 109(e)'s debt limits, the Bankruptcy Court interpreted the statute in a way that contravened its plain text.

### b.   Debtor's Ineligibility Under Section 109(e) is Cause for Dismissal or Conversion Under Section 1307(c)

Having determined that § 109(e) does not allow a debtor to avoid debt limits based on the type of debt that he owes, the Court must determine whether the Bankruptcy Court' conclusion

---

[7] But see *In re Fishel*, 583 B.R. 474, 478–79 (Bankr. W.D. Wis. 2018) (concluding that debtor could proceed with Chapter 13 bankruptcy where the Department of Education had filed a claim for federal student loan debt that potentially exceeded § 109(e)'s limits; the amount of debt was not clearly established, the debtor would be able to make payments on proposed plan, and "the congressional intent behind limiting the availability of Chapter 13 through section 109(e)" was not applicable).

that there was no "cause" to dismiss this case under § 1307(c) based on a contrary interpretation of the statute was incorrect as a matter of law. The Court concludes that it was.

Based on its determination that Debtor's educational debt in excess of § 109(e)'s limit did not necessarily exclude Debtor from Chapter 13 relief, the Bankruptcy Court concluded that there was no cause for dismissal of this case based on the express language of § 1307(c) or relevant case law. N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 38, at 12. The Bankruptcy Court also found that its decision not to dismiss the case advanced the best interests of both creditors and the estate, as Debtor would be able to remain current on his educational debt and contribute future earnings to the estate to pay other general unsecured creditors. *Id.*

The Court again respectfully disagrees with the Bankruptcy Court's analysis and finds that debtor's ineligibility constitutes cause for dismissal or conversion under § 1307(c). Furthermore, the discretion that the Bankruptcy Court may exercise pursuant to § 1307(c) is constrained by the text of § 109(e)'s eligibility requirements.

As previously noted, § 1307(c) lists various situations that could constitute "cause" for dismissal or conversion, but this list is non-exhaustive. The Seventh Circuit has not explicitly held that ineligibility is cause to convert or dismiss, although it has affirmed the dismissal of Chapter 13 petitions without discussing or citing § 1307(c). See *Knight*, 55 F.3d at 232; *Day*, 747 F.2d at 407.[8] Other courts, however, have specifically found that failure to fulfill the eligibility requirements in § 109(e) constitutes "cause" under § 1307(c). See *Petty*, 2018 WL 1956187, at *2; *Bailey-Pfeiffer*, 2018 WL 1896307, at *3; *In re McGovern*, 122 B.R. 712, 719 (Bankr. N.D. Ind. 1989); *In re Dobkin*, 12 B.R. 934, 936 (Bankr. N.D. Ill. 1981); see also *In re Rifkin*, 124 B.R.

_____

[8] Other courts have similarly dismissed Chapter 13 petitions because the debtor exceeded the unsecured debt limit without discussing § 1307(c). See, *e.g.*, *Mazzeo*, 131 F.3d at 305; *Cannon*, 521 B.R. at 697–98; *Grenchik*, 386 B.R. at 919.

626, 629 (Bankr. E.D.N.Y. 1991) (granting motion to dismiss pursuant to § 1307(c) because debtor exceeded debt limits in § 109(e) without specifically addressing "cause"); *In re Jerome*, 112 B.R. 563, 567 (Bankr. S.D.N.Y. 1990) (same). Based on the textual analysis of § 109(e) set out above and the Seventh Circuit's holdings in *Day* and *Knight*, the Court concludes that failure to meet the eligibility requirements of § 109(e) does constitute "cause" under § 109(e). A debtor who exceeds § 109(e)'s unsecured debt limit "cannot obtain relief under Chapter 13." *Day*, 747 F.2d at 407. If a debtor cannot obtain Chapter 13 relief, there is no basis for continuing his case under that chapter, and it necessarily must be dismissed or converted. Cf. *OneUnited Bank v. Charles Street African Methodist Episcopal Church of Boston*, 501 B.R. 1, 7 (D. Mass. 2013) (noting that pursuant to § 1112(b)(1), the provision for Chapter 11 bankruptcy filings analogous to § 1307(c), "ineligibility of the entity for debtor status" can constitute cause).

The Bankruptcy Court cited *United States v. Edmonston*, 99 B.R. 995 (E.D. Cal. 1989), for the proposition that ineligibility is not an absolute cause for dismissal or conversion under § 1307(c). However, this case is inapplicable here. In *Edmonston*, a creditor moved to dismiss a debtor's Chapter 13 case for ineligibility four months after the plan was confirmed by the bankruptcy court. *Id.* at 996. The bankruptcy court denied the motion, and the district court affirmed based on the res judicata effect of § 1327(a), which it held precludes challenges to the debtor's Chapter 13 eligibility post-confirmation that could have been made pre-confirmation. *Id.* at 999. Although the Seventh Circuit has not ruled on this precise question, this is the majority view. See *In re Wenberg*, 94 B.R. 631, 637 (9th Cir. BAP 1988) ("[T]his Panel concludes that § 109(e) eligibility is not jurisdictional."); *In re Pitts*, 2005 WL 8157214, at *2 (Bankr. C.D. Ill. Mar. 30, 2005) ("As most courts have recognized, eligibility for Chapter 13 as prescribed by Section 109(e) is not jurisdictional."). In this case, however, the Trustee filed his motion to dismiss

Debtor's case for ineligibility within a week of the petition date and well before confirmation. See N.D. Ill. Bankr. Case No. 17-11668, Docket Entry 17. Therefore, there is no res judicata problem in assessing the Trustee's motion to dismiss Debtor's Chapter 13 case. Moreover, the fact that the eligibility requirements of § 109(e) may be subject to preclusion arguments does not mean that courts "can or should, as a matter of substantive bankruptcy law, ignore the plain terms of section 109(e)." *Bailey-Pfeiffer*, 2018 WL 1896307, at *2. As discussed above, the plain language of § 109(e)'s eligibility limits forecloses any effort to distinguish certain types of noncontingent, liquidated, unsecured debts from others in determining whether Debtor may file under Chapter 13.

Debtor argues that the Bankruptcy Court did not abuse its discretion in declining to find cause to dismiss his Chapter 13 petition under § 1307(c) because the decision to convert or dismiss must be made in "the best interests of the creditors and the estate," and the Bankruptcy Court would have abused its discretion if it did not engage in this analysis. [12, at 9–12.] While § 1307(c) does provide for discretion on the part of the bankruptcy court in deciding whether to dismiss or convert a Chapter 13 case for cause, the exercise of this discretion cannot contravene the plain language of a statute. Under § 109(e)'s plain terms, Debtor is ineligible for Chapter 13 relief. This comports with the Seventh Circuit's holdings in *Knight* and *Day* that a debtor who exceeds § 109(e)'s debt limit "cannot obtain relief under Chapter 13" separate and apart from any discussion of § 1307(c). *Day*, 747 F.2d at 407; see also *Cannon*, 521 B.R. at 692 ("Congress intended to limit the availability of Chapter 13. To do so, it adopted statutory limits on the amount of debt an individual could carry and still qualify for Chapter 13 protection."); *In re De La Hoz*, 451 B.R. 192, 203 (Bankr. M.D. Fla. 2011) ("Section 109(e) plainly indicates a congressional intent to limit those eligible for the benefits of Chapter 13."). Therefore, the Bankruptcy Court has discretion under § 1307(c) to convert Debtor's case to Chapter 7 or Chapter 11, rather than

dismissing it, if doing so is in the estate's and creditors' best interests. But the Bankruptcy Court does not have discretion to ignore Debtor's ineligibility for relief under § 109(e)'s plain terms and allow him to proceed with his Chapter 13 case based on a finding that doing so is in the best interests of the estate and creditors.

In sum, the Court concludes that the Bankruptcy Court abused its discretion in denying the Trustee's motion to dismiss. Under the plain language of § 109(e), Debtor is ineligible to proceed under Chapter 13, and Debtor's ineligibility provides "cause" to dismiss or convert the case under § 1307(c). The Trustee argues that, because the only option before this Court is its motion to dismiss, the Court must not only reverse the Bankruptcy Court's order but must also dismiss Debtor's case. [See 9, at 14.] However, under § 1307(c), the Bankruptcy Court may either convert the case or dismiss it, "whichever is in the best interests of creditors and the estate." The Bankruptcy Court felt that the best interests of the creditors and the estate would be best served by keeping Debtor in Chapter 13, but this result is foreclosed by Debtor's inability to satisfy the eligibility requirements in § 109(e). If conversion to another chapter (one other than Chapter 13) would better serve these interests, the Bankruptcy Court has the discretion to convert the case rather than dismiss it despite the Trustee's request for dismissal. The Bankruptcy Court's order denying the Trustee's motion to dismiss is reversed, and the case is remanded to the Bankruptcy Court to make this determination after taking into account the views of the parties.

## IV.    Conclusion

For the reasons set forth above, the Bankruptcy Court's order denying the Trustee's motion is reversed, the order confirming the Chapter 13 Plan must be vacated, and this matter is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

Dated: August 31, 2018

_____
Robert M. Dow, Jr.
United States District Judge